# ROGER WITKIN

ATTORNEY AT LAW
6 BEACON STREET
BOSTON, MASSACHUSETTS 02108

TEL (617) 523-0027
FAX (617) 523-2024

September 19, 2005

AUSA Seth Berman
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

RE: **UNITED STATES V. IRINA VLASOVA**
**CRIMINAL NO. 05 10181 NG**

Dear Mr. Berman:

1.   Pursuant to Local Rule 116.3 (A) the defendant respectfully requests discovery notice as to any informers and Maksim Kalinin in particular, in this case as follows:

   a. All informer proffers leading to leniency agreements or agreements not to prosecute;
   b. Any information revealing any variation in the proffered testimony;
   c. Any information that reveals the nature of the negotiations that led to leniency agreements or agreements to not prosecute;
   d. Any proffers made by informers' lawyers;
   e. Any notes or documents created by the government reflecting defense proffers, testimonial variations, and the nature of the negotiation process leading to the informer's leniency. [*United States v. Sudikoff*, 36 F.Supp. 2d 1196 (C.D. Cal. 1999)]

2.   Further, pursuant to Local Rule 116.3 (A) the defendant respectfully requests discovery notice in regard to notice of the Government's intention to use the Residual Hearsay Exception Under Federal Rule of Evidence 807. Namely the defendant seeks the Government to provide notice of its intent to offer any statement, not specifically covered by the hearsay exceptions set forth in Rules 803(1) through (23) and 804(b)(1) through (4) but having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of this statement, including the name and address of the declarant.

AUSA Seth Berman

September 19, 2005

Page 2

3.  Additionally, the defendant pursuant to Local Rule 116.3 (A) requests the following:

A.  <u>Federal Rule of Evidence 404(b)</u>:
    1.  The existence of any prior or subsequent bad acts, if any, [see <u>United States</u> v <u>Tuesta - Toro</u>, 29 F.3d 771 (lst Cir., 1994) <u>cert.denied</u> 513 U.S. 1132, 115 S.Ct. 947, 130 L.Ed.2 890 and <u>United States</u> v. <u>Trenkler</u>, 61 F.3d 45 (lst Cir., 1995)] or convictions of:
        a. defendant;
        b. the co-defendant, whether indicted or not;
        c. any co-conspirator, whether indicted or not.
    2.  A statement of whether the government intends to offer, under Fed. R. Evid. 404(b) as set forth above in 1 (a) through (c), evidence of any such prior or subsequent bad acts, if any, against the defendant, or the co-defendants during the trial of this Indictment, together with a description of the method or means by which the government intends to introduce such evidence, including but not limited to:
        a.  providing the names and addresses of all witnesses which the government intends to call to offer such evidence. <u>United States</u> v <u>King</u>, 121 F.R.D. 277,281 (E.D.N.C. 1988); <u>United States</u> v <u>Baum</u>, 482 F.2d 1325, 1332 (2d Cir. 1973); See also <u>United States</u> v <u>Turkish</u>, 458 F.Supp. 874 (S.D.N.Y. 1978), <u>aff'd.</u>, 623 F.2d 769 (2d Cir. 1980); <u>United States</u> v <u>Price</u>, 448 F.Supp. 503, 505 (D. Colo. 1978); <u>United States</u> v <u>Shoher</u>, 555 F.Supp. 346, 354 (S.D.N.Y. 1983);
        b.  the dates, times, places, and persons involved in said "other crimes, wrongs or acts";
        c.  any statements of any participant in "other crimes, wrongs or acts";
        d.  the issue or issues on which the government relies in its contention that such "other crimes, wrongs or acts" evidence is relevant and admissible under Fed.R.Evid. 404(b). <u>United States</u> v <u>Roybel</u>, 566 F.2d 1109 (9th Cir. 1978); <u>United States</u> v <u>Stofsky</u>, 409 F.Supp. 609 (S.D.N.Y. 1973).
    3.  Any documents, reports or statements of any such witness relating to, referencing, or regarding such bad acts or convictions, including when the documents were prepared, who prepared the document

AUSA Seth Berman

September 19, 2005

Page 3

and who has possession of the documents. See, e.g., United States v Baum, 482 F.2d at 1332.

4. If the government intends to seek the admission into evidence of "other crimes, wrongs, or acts" of defendant, defendant requests, pursuant to Fed. R. Evid. 404 (b), that the government provide in writing no later than ten days prior to the start of the trial, see United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (ordering disclosure within 10 days prior to trial:

    a. the general nature of any such evidence, including the date, time, place, and a brief description of the alleged crime, wrong, or act, see United States v. Baum, 482 F.2d 1325 (2d Cir. 1973); and

    b. the identity of the witness(es) it intends to present with respect to such "other crimes, wrongs, or acts." Id. at 1331-32.

Fed. R. Evid. 404 (b) is intended to reduce surprise and promote early resolution of the issue of admissibility. Because reasonable, pre-trial disclosure "serves as a condition precedent to admissibility of [Rule] 404 (b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met" either in the sufficiency of the advance notice or the particularity of the disclosure. See Fed. R. Evid. 404, Advisory Committee Notes, to 1991 Amendments.

B. Federal Rule of Evidence 608(b):

1. To provide evidence of any "specific instances of conduct" of the defendant as that phrase is used in Fed.R.Evid. 608(b).

2. In regard to such notice, the government should identify and describe:

    a. the dates, times, places and persons involved in "specific acts of conduct";

    b. the statements of each participant in any "specific acts of conduct"; and

    c. the documents which contain or evidence any "specific acts of conduct", including when the documents were prepared, who prepared the document and who has possession of the documents.

AUSA Seth Berman

September 19, 2005

Page 4

C.     Federal Rule of Evidence 609:
To state whether or not the government intend to offer any evidence of any prior criminal conviction of the accused, should she testify, pursuant to Fed.R.Evid. 609, and, if so, to state the particulars of the conviction if any.

4.     The defendant requests, pursuant to Fed.R.Crim.P. 12(b)(4)(B) notice concerning any evidence the government intends to introduce that may be subject to a motion to suppress under Fed.R. Crim.P. 12(b)(3)(C).

5.     Pursuant to Local Rule 116.3 the defendant requests that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person known to the defendant to be a government agent, including any handwritten notes containing the substance of such statement.

See United States v. Brian Vallee, August 5, 2005, No. 04-40026-FDS.

6.     Pursuant to Fed.R.Crim.P. 16(a)(1)(E) and 16 (a)(1)(F) the defendant requests disclosure.

                                  Very truly yours,

                                  **ROGER WITKIN**

/slw

c.c.    client
       R. Chisholm, Esq.
       Maria Simeone, Courtroom Clerk for Honorable Leo Sorokin, United States Magistrate Judge

F209