UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
**05cr10181-NG**

UNITED STATES OF AMERICA

v.

**VAHAGN GILAVYAN
IRINA VLASOVA**

**ORDER AND
FINAL STATUS REPORT**

**September 12, 2006**

SOROKIN, M.J.

The parties filed a report to the Court in lieu of a Final Status Conference pursuant to the provisions of Local Rule 116.5(A). Based on that report and the prior conferences, this court enters the following report and orders.

1. A trial does not appear to be necessary in this case as the defendants have requested a Rule 11 hearing. Docket # 38.

2. The discovery to be provided before the Initial Pretrial Conference is complete.

3. No motions to sever, dismiss or suppress are anticipated.

4. With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., scheduling of a Rule 11 hearing, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

>Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the time from Setember 8, 2006 until the date of the Rule 11 hearing shall be EXCLUDED from the Speedy Trial Act.[1]  Upon the scheduling of the Rule 11 Hearing the Clerk shall enter the exclusion order.

5. The defendant does not intend to raise a defense of insanity or public authority.

6. As of September 12, 2006, forty-seven (47) days (from the arraignment on July 27, 2005 until the Initial Status Conference on September 13, 2005) of unexcluded time will have elapsed since the arraignment, thus twenty-three (23) days remain under the Speedy Trial Act before trial must commence.  As a result of paragraph 4 of this Order the calculation is same as of the date of the Rule 11 hearing.

The Clerk shall return this file to the District Judge assigned to this case for scheduling a Rule 11 hearing.

                                     / s / Leo T. Sorokin
                                     LEO T. SOROKIN
                                     UNITED STATES MAGISTRATE JUDGE

Q:\Opinions Ready for Docketing\05cr10181 Gilavyan Final Status.wpd

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).